692 F.2d 71
 Leonard GRAVES, Plaintiff/Appellant,
v.
UNITED STATES COAST GUARD, Department of Interior, Bureau of
Land Management, Water and Power Resources
Service, all agencies of the United
States; the United States of
America, Defendants/Appellees.
 No. 81-5585.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 7, 1982.
Decided Oct. 28, 1982.
 
 Allen D. Shugar, Shugar & Luster, Los Angeles, Cal., for plaintiff/appellant.
 Dzintra I. Janavs, Los Angeles, Cal., for defendants/appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HUG, FERGUSON and CANBY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff was injured when he dove off a cabana into the Colorado River. In his complaint, brought under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b) & 2671-80, he alleges that (a) the cabana was located on property leased from the government by a private party, (b) the lessee maintained the land as a recreational center open to the public for a fee, (c) he paid the required fee to use the recreational facilities, and (d) there were no warnings posted to caution the public about the possible danger of diving off the cabana into shallow water.
 
 
 2
 The plaintiff advanced several theories of liability below, among which was that the government, as property owner, had a duty either to correct the dangerous condition created by the presence of the cabana on the land or to warn of it. The district court granted summary judgment in favor of the government, reasoning that under California Civil Code Sec. 846, which was enacted to encourage landowners to allow members of the general public to use their land for recreational purposes, the government owed the plaintiff no duty of care.[1]
 
 
 3
 The district court erred. While Sec. 846 severely restricts the liability of landowners who allow the public to use their land for recreation, the statute excepts the case where permission is granted for a consideration. Cal.Civ.Code Sec. 846(b); Thompson v. United States, 592 F.2d 1104, 1108 (9th Cir. 1979). That exemption applies here. The plaintiff contends that he gave money to his traveling companion, who in turn paid the government's lessee for the privilege of camping near the river. The government argues that these actions do not bring the plaintiff within the statutory exception because he gave consideration in return for permission to camp and not in order to gain access to the river and to use waterside facilities such as the cabana. It seems to us that the use of the cabana and access to the river were implied benefits received as a consequence of the payment of consideration to the campground operator. The government argues as well that no consideration was paid to it. The statute does not specify to whom the consideration is to be paid, and the pattern of payment here is quite similar to that of Thompson. We therefore hold that the exception for entry given in return for consideration applies, and the federal government is not shielded from liability by Sec. 846. We do not rule, of course, on any factual disputes which may exist surrounding the alleged payment. These would involve genuine issues of material fact inappropriate for disposition on summary judgment. Fed.R.Civ.P. 56(c); id. at 1107.
 
 
 4
 We turn now to the cause of action arising from the existence of the cabana, the danger it may have created, and the government's failure to warn of that danger. Having determined that the limitations of Sec. 846 do not apply, we must determine what duty of care the landowner bears under California law. Generally a lessor is not liable to those who come on the land with the permission of the lessee and are injured as a result of dangerous conditions thereon. The major relevant exception is the one which opens the lessor to liability when he knows the lessee will admit the public and knows or has reason to know of a dangerous condition on the land existing when the lessee takes possession. Thompson, 592 F.2d at 1109; Restatement (Second) of Torts Sec. 359. Here the government knew when it leased the land in 1974 that the lessees intended to operate a resort, i.e., to admit the public. There are allegations that the cabana has been on the land since before the initial leasing, i.e., that it was a pre-existing condition. There are allegations that the cabana is inherently dangerous and has been so for some time and that the government had reason to know that. Finally there are allegations that warnings addressing the danger of diving from the cabana should have been posted. Each of these matters creates a factual issue. Absent the insulation from liability provided by Sec. 846, the resolution of these matters by summary judgment is inappropriate.
 
 
 5
 Finally, the government argues that the plaintiff's claim is totally barred by his failure to fully comply with the jurisdictional requirements of 28 U.S.C. Sec. 2675(a), which mandates the filing of a claim with the appropriate federal agency. The defendants claim that Graves did not meet those requirements as further defined in 28 C.F.R. Sec. 14.3(e), which reads in pertinent part:
 
 
 6
 A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.
 
 
 7
 Graves did not sign the documents himself allegedly because of his inability to write due to the quadriplegia resulting from his diving accident. His attorney signed his own name and added the words "attorney for Leonard Graves" to his signature. However, he did not submit additional evidence of his authority to present the claim until the matter was before the district court.
 
 
 8
 Citing House v. Mine Safety Appliances Co., 573 F.2d 609, 617 (9th Cir.), cert. denied, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978), the government contends that strict compliance with the literal requirements of the regulation is jurisdictional and that omissions compel dismissal of the claim. We do not agree. First, in House the attorney did not sign the claim in his representative capacity, as Graves' attorney did. The designation "attorney for Leonard Graves" is particularly important in view of the body of case law holding that the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's behalf. E.g., Communist Party of the United States of America v. Commissioner of Internal Revenue, 332 F.2d 325 (D.C.Cir.1964); Child v. Beame, 412 F.Supp. 593 (S.D.N.Y.1976). The language of the regulation itself suggests that its drafters took this view of the matter since it explicitly recognizes the presence of legal representatives as signatories but does not list them in the group requiring "evidence of authority to present a claim."
 
 
 9
 Moreover, the statements in House which find 28 C.F.R. Sec. 14.3(e) to embody jurisdictional requirements are merely dicta since the case was remanded to the district court for determination of the attorney's authority to make the claim. House, 573 F.2d at 618. This was fortunate since 28 C.F.R. Sec. 14.3(e) was promulgated pursuant to 28 U.S.C. Sec. 2672, a statute which deals exclusively with the authority of federal agencies to settle claims; the regulation was not drafted as an interpretation of Sec. 2675(a), the jurisdictional section of the Tort Claims Act. It therefore does not embody a jurisdictional requirement. As this court has recently held in a similar situation:
 
 
 10
 The Government attempts to extend the definition of claim by citing a different portion of the regulations, 28 C.F.R. Sec. 14.4. Those provisions, however, were promulgated pursuant to section 2672 of the Act dealing with the agencies' settlement authority, and do not interpret the claims section, section 2675(a). We therefore reject the argument that a claimant must comply with the regulations in section 14.4 to meet the jurisdictional requirement of "presenting a claim."
 
 
 11
 Avery v. United States, 680 F.2d 608, 611 (9th Cir. 1982).
 
 
 12
 The district court granted summary judgment for the government on two additional theories of liability, one alleging negligence in the operation of Parker Dam and one alleging the duty to warn the public of the fluctuations in water level occasioned by that operation. In light of this court's recent opinion in Lindgren v. United States, 665 F.2d 978 (9th Cir. 1982), we affirm the summary judgment which found that the operation of the dam was within the discretionary function exception of the Tort Claims Act. Id. at 981. However, we reverse the summary judgment holding that the duty to warn of the fluctuations in water level was also within the exception and remand for "consideration whether, under the prevailing test in this Circuit, the Government's failure to warn was discretionary." Id. at 982.
 
 
 13
 In summary, we reverse the district court's determination that California Civil Code Sec. 846 shields the defendant here, finding that the exception for receipt of consideration applies. We find as well that absent the protection of Sec. 846 there are issues of genuine fact which prevent entry of summary judgment on the cause of action based on the alleged dangerousness of the cabana. We hold that 28 C.F.R. Sec. 14.3(e) does not state jurisdictional prerequisites to the filing of a Federal Tort Claims action since it was promulgated pursuant to the settlement section and not pursuant to the jurisdictional section of the act. Finally, we affirm the grant of summary judgment with regard to dam operation, but reverse the grant of summary judgment with regard to the duty to warn of the consequences of that operation.
 
 
 14
 REVERSED AND REMANDED for proceedings not inconsistent with this opinion.
 
 
 
 [1]
 California Civil Code Sec. 846 reads:
 An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section. A "recreational purpose," as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, winter sports, and viewing or enjoying historical, archaelogical, scenic, natural, or scientific sites.
 An owner of any estate in real property who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section.
 This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner. Nothing in this section creates a duty of care or ground of liability for injury to person or property.