**Sue PARDY, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 82–3069.**

United States District Court, S.D. Illinois.

Dec. 1, 1983.

Gary Peel, East Alton, Ill., for plaintiff.

Robert Simpkins, Asst. U.S. Atty., East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Dismiss or, in the Alternative, Summary Judgment filed July 19, 1983. The government argues this action is barred by the two year federal statute of limitations pursuant to 28 U.S.C. § 2401(b).

The facts that are relevant to this motion are undisputed. In November of 1978, James Pardy was admitted to the Scott Air Force Base Medical Center for treatment of a urinary tract infection. On November 6, 1978, the attending radiologist gave Mr. Pardy an injection of Conray-60, a contrast medium. A few minutes after completion of the injection, Mr. Pardy suffered a severe reaction to the contrast medium and went into anaphylactic shock while suffering both respiratory and cardiac arrest. Mr. Pardy remained in a comatose state until November 21, 1978, at which time he became aware of his surroundings and of the events of November 6, 1978. On December 6, 1978, Mr. Pardy was discharged.

On November 10, 1980, the Pentagon received a letter from Leroy M. Steiner, Attorney at Law, purporting to be an administrative claim. An SF 95 Administrative Claim Form was submitted on March 10, 1981.

The government's argument for dismissal of this action is twofold. First, the government contends that the letter sent to the Pentagon by Attorney Steiner does not constitute an administrative claim. Second, even if a proper administrative claim was filed on November 10, 1980, the two year statute of limitations ran on Mr. Pardy's claim on November 6, 1980.

## I

The government argues that the correspondence by Attorney Steiner is defective because it fails to include evidence of authority to present the claim as required by 28 C.F.R. § 14.3(e). Section 14.-3(e) provides:

A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant, as agent, executor, administrator, parent, guardian or other representative.

Attorney Steiner's failure to file a Standard Form 95 form on November 10, 1980, is not relevant because the regulations explicitly permit the use of the Form or other written evidence of his authority to file a claim for Mr. Pardy. See 28 C.F.R. § 14.2.

The Court finds that plaintiff properly filed an administrative claim on November 10, 1980. First, the requirements of 28 C.F.R. § 14.3(e) are not jurisdictional since the regulation was promulgated pursuant to the settlement section of the Federal Tort Claims Act, 28 U.S.C. § 2672, and not the jurisdictional section, 28 U.S.C. § 2675(a). *Graves v. United States Coast Guard*, 692 F.2d 71, 74–75 (9th Cir.1982). Moreover, even if § 14.3(e) was jurisdictional, plaintiff satisfied the requirements in this case. On November 10, 1980, Attorney Steiner filed a letter and a Notice of Claim. The letter identifies Mr. Steiner as an Attorney at Law who represents James Pardy in his Federal Tort Claim. In that representative capacity, Attorney Steiner signed the letter. The Court finds that this letter adequately sets out Attorney Steiner's authority to file a claim for Mr. Pardy.

## II

Second, the government argues that Mr. Pardy's claim of November 10, 1980, was filed four days late since he suffered his injury on November 6, 1978. The resolu-

1080

tion of this issue depends on the legal significance of the fact that Mr. Pardy was comatose due to the alleged malpractice from November 6, 1978, to November 21, 1978. The question presented is whether Mr. Pardy's claim accrued on November 6 or November 21.

In *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the Court addressed when a claim accrues under 28 U.S.C. § 2401(b). The Court of Appeals in *Kubrick* had decided that a claim does not accrue until the injured party is 1) aware of his injury, 2) its cause, and 3) that the doctor who caused the injury was negligent. The Supreme Court removed the third prong from the analysis holding that Congress did not intend that accrual of a claim "must await awareness by the plaintiff that his injury was negligently inflicted." *Id.* at 123, 100 S.Ct. at 360. Therefore, plaintiff's claim for relief accrued when he was aware of his injury and its cause.

Since Mr. Pardy was in a coma until November 21, 1978, he could not appreciate his injury or its cause until at least that date. Therefore, under *Kubrick* the two year statute of limitations began to run on November 21, 1978. The government seeks to avoid this result by arguing, (1) that the discovery rule is inapplicable to the facts of this case; and (2) incompetency does not toll the statute of limitations.

### III

■ The government argues that the discovery rule was never intended to cover a situation where a plaintiff is rendered incompetent by the government's tortious acts. Rather, the government contends that the application of the discovery rule is limited to situations where an injury does not manifest itself for many months, or even years, such as when a doctor leaves a sponge inside the body of a patient. The Court finds that the discovery rule cannot be limited to such an extent. In *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980), the Seventh Circuit had an occasion to discuss the history of the discovery rule.

The Court cited *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) for the proposition that "it is the nature of the problems faced by the plaintiff in discovering his injury and its cause, ... that governs the applicability of the discovery rule." Accordingly, the Court concluded that "any plaintiff who is blamelessly ignorant of the existence or cause of his injury shall be accorded the benefits of the discovery rule." *Id.* at 1269.

The Court finds that the broad language in *Stoleson* defining the purpose and scope of the discovery rule mandates a decision that the discovery rule applies when a plaintiff is rendered incompetent by the government's allegedly tortious conduct. Plaintiff was certainly "blamelessly ignorant" of his injury until November 21, 1978. Pardy, through no fault of his own, could not appreciate his injury or its cause until at least he came out of the coma. Therefore, the Court concludes the discovery rule as defined in *Kubrick* applies to this case.

### IV

■ Finally, the government argues Mr. Pardy's claim is barred because incompetency does not toll the federal statute of limitations. The introduction of this rule in the factual context before the Court creates a collision between two well-settled principles of law. On the one hand, infancy, incompetency and insanity traditionally have had no effect on the length of the federal statute of limitations in a particular case. *Casias v. United States*, 532 F.2d 1339, 1342 (10th Cir.1976). On the other hand, the purpose and scope of the discovery rule as defined in *Kubrick* necessitates a finding that incompetency is relevant to determine when a claim in fact accrues.

The Court is aware of two cases which attempt to reconcile these two conflicting doctrines. In *Zeidler v. United States*, 601 F.2d 527 (10th Cir.1979), the Court decided that the normal rule governing infancy, insanity and incompetency is inapplicable when a person is rendered incompetent by

the allegedly tortious conduct. Similarly, in *Dundon v. United States,* 559 F.Supp. 469, 474–75 (E.D.N.Y.1983), the court relied on *Zeidler* and held that the statute of limitations is tolled during the period the plaintiff is incompetent when the incompetency is caused by the very negligence of which the plaintiff is complaining. The rationale behind these cases is two-fold. First, the government should not be allowed to benefit from its own wrong. Second, brain damage or destruction should not be classified in the same way as ordinary mental disease or insanity for purposes of barring an action.

Although the government has not come forward with any cases which have barred an action in this specific factual context, Judge Logan's dissent in *Zeidler* supports the government's position. Judge Logan argues as follows:

> Under the majority opinion as I read it, if Zeidler was mentally incapacitated before the operation then the claim is barred; if he was incapacitated by the operation, his claim is not barred. To me, this is a distinction without a difference.

*Zeidler v. United States, supra,* at 533 (Logan J. dissenting). The Court finds this argument to be unpersuasive. First, the Court feels it is reasonable to treat tortiously induced incompetency different than ordinary incompetency for purposes of the statute of limitations. Secondly, Judge Logan's concern that those incompetent at the time of the alleged malpractice be treated similarly to those rendered incompetent by the alleged malpractice is remedied by the discovery rule. Although the Court has not found a case which deals directly with the question, it would be unreasonable to give competent persons the benefit of the discovery rule but not incompetent people. Logically, applying the discovery rule, if a person is incompetent, his claim for relief accrues when his legal guardian discovers the injury and its cause. In short, the Court disagrees with Judge Logan's apparent assumption that the statute of limitations *always* runs against incompetent persons at the time of the inju-

ry. Nonetheless, in virtually every case where an incompetent person suffers an injury as dramatic as Mr. Pardy's, the claim for relief would accrue at the time of the injury because his legal guardian would "discover" the injury when it occurred. However, because Mr. Pardy was competent when he entered the hospital, he had no legal guardian to discover the injury for him.

Therefore, based on the reasoning set out above, the Court finds that Mr. Pardy's claim is not barred by the statute of limitations. Accordingly, defendant's Motion to Dismiss or, in the Alternative, Summary Judgment is hereby DENIED.

IT IS SO ORDERED.