**Viola MOODY and Hiley Shoffner**

v.

**UNITED STATES of America and Bill Cox and Charles E. Cox, d/b/a Alco Builders.**

**No. CIV. 3–84–31.**

United States District Court,
E.D. Tennessee, N.D.

April 19, 1984.

L. Caesar Stair III, Bernstein, Susano, Stair & Cohen, Knoxville, Tenn., for plaintiffs.

Andy Troutman, LaFollette, Tenn., for Bill Cox and Charles E. Cox d/b/a Alco Builders.

Jo Brooks, Donald E. Jose, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., John W. Gill, Jr., U.S. Atty., Michael Haynes, Asst. U.S. Atty., Knoxville, Tenn., for United States of America.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is a case under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 2671–2680, for damages arising from alleged negligent supervision and inspection of the site development, dwelling construction, and water/sewerage system of Viola Moody's residence. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1346(b). The case is before the Court on the defendant United States's motion to dismiss or for summary judgment.

Ms. Moody purchased her home on July 10, 1980, for $29,900, with financial assistance provided through the Farmers Home Administration [FmHA], an agency of the Department of Agriculture, pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.* Ms. Moody and her mother (plaintiff Hiley Shoffner), who lives with her, complain that Ms. Moody's house and lot are defective. They claim property damage and personal injury totaling $150,000.

Plaintiffs say that, pursuant to defendant's statutory authorization to provide safe and decent housing for low-income rural residents, 42 U.S.C. §§ 1471(a) and 1476(a), defendant undertook to supervise and inspect the construction of Ms. Moody's house for plaintiffs' benefit and that it did so negligently. Defendant says the complaint should be dismissed or summary judgment granted.

Defendant says plaintiff Shoffner's claim must be dismissed for lack of subject matter jurisdiction for failure to timely file an administrative claim. Prior to bringing a lawsuit under the FTCA, an administrative claim must be filed with the appropriate federal agency. *Allen v. United States,* 517 F.2d 1328 (6th Cir.1975). The manner of presenting an administrative claim under the FTCA is prescribed by 28 C.F.R. 14.2(a), which has been held to be a valid regulation. *Id.* at 1329. This regulation provides that a claim must be presented in writing to the appropriate federal agency by claimant or his duly authorized agent or legal representative and must claim money damages in a sum certain. 28 C.F.R. 14.2(a). When a claim is presented by an agent or legal representative, the claim must be presented in the name of the claimant, be signed by the agent or legal representative, and be accompanied by evidence of his authority to act on behalf of the claimant. 28 C.F.R. 14.3(e).

In this case, a letter was written by an attorney for Ms. Moody to the Department of Agriculture, which stated: "This is a claim under the Federal Tort Claims Act ... made on behalf of Viola Moody ...." (Exhibit 2 of defendant's motion). The letter further states, "[c]laim is made for damages to Ms. Moody ...." (*Id.*). In the next paragraph the letter states, "[b]y reason of the negligence of the [FmHA], Ms. Moody and her 92-year-old mother have suffered personal injuries in the amount of $10,000." Plaintiffs say that this written notification, although not expressly filed on behalf of Ms. Hiley Shoffner, refers to Ms. Hiley Shoffner by name and states a sum certain for damages, and therefore, meets the requirements of 28 C.F.R. 14.2. The Court disagrees. First, the letter refers to Ms. Shoffner not by name but only as Ms. Moody's 92-year-old mother. Second, because this claim was filed by a legal representative, the requirements of 28 C.F.R. 14.3(e) must be met. Those requirements,

previously stated, have not been met in this case because the letter does not show that the attorney was acting on behalf of Hiley Shoffner. The letter is signed "Sue Ellen Prater, Attorney for Viola Moody." (Exhibit 2 of defendant's motion). There is no indication in the letter that the attorney was acting or had authority to act on behalf of Hiley Shoffner. The Court finds that the written notification on behalf of Viola Moody was not sufficient notice to the government that Hiley Shoffner intended to file an administrative claim. *See Johnson v. U.S.*, 496 F.Supp. 597, 601 (D.Mont.1980), *modified* 704 F.2d 1431 (9th Cir.1983); *Walker v. U.S.*, 471 F.Supp. 38, 41–42 (M.D.Fla.1978), *aff'd* 597 F.2d 770 (11th Cir.1979). Therefore, plaintiff Hiley Shoffner's claim must be dismissed for lack of subject matter jurisdiction due to her failure to file an administrative claim.

Defendant says further that it owed no duty to inspect plaintiff Moody's home and did not assume the duty. Thus, defendant says it is entitled to summary judgment.

Under the Housing Act the FmHA is authorized to provide financial assistance and technical services such as construction supervision and inspection to achieve the goal of helping low-income rural residents to obtain decent, safe, and sanitary living conditions. 42 U.S.C. §§ 1471(a), 1476(a). Thus, plaintiff says that FmHA owed a duty to supervise and inspect the construction of her home. Alternatively, plaintiff says that if FmHA had no affirmative duty to supervise and inspect, it assumed the duty when it inspected her home and is liable under the Good Samaritan doctrine for its negligent performance of that duty.

The FmHA has no affirmative duty to inspect and supervise. *Neal v. Bergland*, 646 F.2d 1178, 1181 (6th Cir.1981), *aff'd sub nom Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). The Housing Act gives the FmHA a right to inspect, but such a right "without more does not imply an obligation to inspect." *Id.* (citation omitted). However, in *Neal*, because the Secretary of the Department of Agriculture had enacted regulations requiring inspection [1], the Sixth Circuit Court of Appeals held that FmHA had assumed the duty to inspect and under the Good Samaritan doctrine [2] could be liable for negligent inspection. *Id.* at 1181–1182.

Defendant says that the regulations applicable in *Neal* were subsequently amended by the Secretary to clarify the FmHA's limited role in the inspection process and to provide specifically that FmHA's inspections are not to protect the interest of the borrower. Thus defendant says that because the amended regulation was incorporated by reference into plaintiff's deed of trust and promissory note, plaintiff was precluded as a matter of law from relying on FmHA's inspection to protect her interest. Plaintiff says that defendant should not be able to hide behind the amended regulation when the clear intent of Congress was that FmHA's inspection and supervision program is for the benefit of the borrower.

The Secretary has authority to make rules and regulations to carry out the purposes of Title V of the Housing Act. 42 U.S.C. § 1480(j). The purpose of Title V is to "provide rural residents with the opportunity for decent, safe, and sanitary housing." *Neal*, 646 F.2d at 1181. Supervision

1. The regulations provided in pertinent part:
    (1) *Responsibility for Inspection:* The County Supervisor, accompanied by the borrower when practicable, will make final inspections as appropriate ....
    (3) *Frequency of Inspections:* The County Supervisor will inspect development work as frequently as necessary to assure that construction and land developments conform with the plans and specifications....
7 C.F.R. 1804.4(g) (1977). *See also* 7 C.F.R. 1802.73, 1802.74, 1822.7 (1977).

2. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
    (a) his failure to exercise such care increases the risk of such harm, or
    (b) the harm is suffered because of the other's reliance upon the undertaking.
Restatement (Second) of Torts § 323 (1965).

and inspection of homes purchased with funds advanced pursuant to Title V is for two purposes: to achieve the objectives of the loan program and to protect the government's security interest. *Id.* Supervision and inspection are to be conducted as required by the Secretary. 42 U.S.C. § 1476(a). The Secretary's amended regulation provides in pertinent part:

(a) *Responsibility for inspection.* The County Supervisor or District Director, accompanied by the borrower when practicable, will make final inspection of all development work and periodic inspections as appropriate to protect the security interest of the government.... The borrower will be responsible for making inspections necessary to protect the borrower's interest. FmHA's inspections are not to assure the borrower that the house is built in accordance with the plans and specifications. The inspections create or imply no duty or obligation to the particular borrower but are, rather, for the dual purposes of determining that FmHA has adequate security for its loan and enabling FmHA to determine that FmHA is working toward achieving the statutory goal of providing adequate housing....

(b) *Frequency of inspections....*

(5) The borrower should make enough periodic visits to the site to be familiar with the process and performance of the work, in order to protect the borrower's interest.

7 C.F.R. 1924.9(a), (b)(5), as amended by 45 Fed.Reg. 39789, 39803 (1980).

■ The Court finds that the regulation is consistent with the purposes of Title V of the Housing Act and that it is within the Secretary's statutory authority to provide that the borrower must inspect to protect her security interest. Because the regulation specifically provides that plaintiff must inspect to protect her interest, plaintiff was precluded as a matter of law from relying on FmHA's inspection to protect her inter-

est; consequently, the Good Samaritan doctrine is inapplicable.[3] *Cash v. United States,* 571 F.Supp. 513, 515 (N.D.Ga.1983).

Defendant has raised other issues, but because the Court finds the above issue dispositive, the remaining issues will not be addressed. For the foregoing reasons, defendant's motion for summary judgment is granted.

Order Accordingly.

---

**3.** In this case, Reliance is an element of plaintiff's cause of action under the Good Samaritan doctrine against defendant. Restatement (Second) of Torts § 323(b). *See Block v. Neal,* 460 U.S. 289, 103 S.Ct. 1089, 1094 n.7, 75 L.Ed.2d 67 (1983).