Delma R. LAYTON and Roy E. Layton

v.

BLUE GIANT EQUIPMENT COMPANY OF CANADA, LTD., Stokvis Multiton Corporation, Equipment Company of America, and Lift Parts Manufacturing Company

v.

ANDERSON, CLAYTON & COMPANY.

Civ. A. No. 83–3363.

United States District Court,
E.D. Pennsylvania.

Feb. 19, 1985.

84

Soren P. West, Lancaster, Pa., for plaintiffs.

Austin Hogan, Philadelphia, Pa., for Blue Giant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Delma R. Layton was injured at her place of employment on July 15, 1981 when a hand-truck she was operating rolled across her foot after being struck by another hand-truck. Plaintiffs have alleged that the hand-trucks were defective because they did not have either stopping or "parking" brakes. In their complaint they named as defendants the manufacturers of all of the hand-trucks owned by her employer because Ms. Layton was unable to identify the manufacturer of the hand-truck that struck hers.[1] She was able, however, to identify her own hand-truck as a "Blue Giant PT–50" model hand-truck.

After inspecting the employer's facility on July 13, 1984,[2] counsel for plaintiff determined that the hand-truck operated by Ms. Layton at the time of her accident had been manufactured by Blue Giant Equipment Company of Canada Ltd. ("Blue Giant Canada"). Counsel also obtained a Buffalo New York phone number for Blue Giant from Standard and Poors. West Affidavit ¶ 8. When he called this number he was advised that the PT–50 hand-trucks were manufactured in Canada. West Affidavit ¶ 9. Suit was then filed against Blue Giant Canada on July 14, 1983. Service was made by registered mail and that the Canadian firm received the complaint on July 22, 1983.

Unfortunately, plaintiff was informed by Blue Giant Canada on July 7, 1984 that it did not manufacture PT–50 hand-trucks, but that the PT–50 model was manufactured by a subsidiary of Blue Giant Canada: Blue Giant Equipment Corporation of Buffalo New York ("Blue Giant New York"). Blue Giant Canada had not specifically disavowed manufacturing PT–50 hand-jacks in its answer. It appears that Blue Giant Canada forwarded a copy of the complaint to Blue Giant New York where it was received by Arthur Robertson, Controller of Blue Giant New York by July 26, 1983 at the latest. Poppish Deposition at 12–13. Blue Giant New York received notice of the lawsuit on the same day as notice was given to people at Blue Giant Canada. Answers to Plaintiff's Interrogatories, Set Two, Number 3.

Plaintiffs have now moved this court for leave to amend their complaint to substitute Blue Giant New York as a party defendant. Neither Blue Giant Canada nor Blue Giant New York have responded to this motion. For the reasons set forth below, I will allow plaintiff to amend her complaint to substitute Blue Giant New York as a defendant.

*Discussion*

■ It is well established that:

Fed.R.Civ.P. 15(a) permits amendment of the complaint "freely" where the interests of justice so require, *Foman v. Davis*, 371 U.S. 178 [83 S.Ct. 227, 9 L.Ed.2d 222] ... (1962), and the defendant will not be unfairly prejudiced. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 [91 S.Ct. 795, 28 L.Ed.2d 77] ... (1971).

*Kasko v. American Cage & Machine Co.*, 90 F.R.D. 162, 163 (E.D.Pa.1981) (citations omitted). Under ordinary circumstances, I would have no difficulty in granting plaintiffs' motion to amend unless it was clear that the defendants would be unduly prejudiced. Unfortunately this is not the ordinary case.

■ Plaintiff Delma Layton was injured on July 15, 1981. A federal court sitting in diversity must apply the statutes of limitations which apply to actions under the law of the forum state. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and Pennsylvania applies a two-year limitations period to personal injury actions such as this one. *See* 42 Pa.Cons.Stat.Ann. § 5524 (Purdon 1981). Obviously any action arising from the July 15, 1981 incident would now be

---

1. Earlier I granted summary judgment in favor of all named defendants other than Blue Giant Equipment of Canada Ltd. 599 F.Supp. 93.

2. Plaintiff apparently retained her present counsel on June 24, 1983. West Affidavit ¶ 1.

time-barred. Under Fed.R.Civ.P. 15(c), however, an amended complaint which changes "the party against whom a claim is asserted" relates back to the date of the filing of the original complaint if certain requirements are met. These requirements are:

(1) that the claim asserted in the amended complaint arose out of the conduct giving rise to the original complaint;

(2) that the party brought in by the amended complaint received notice of the institution of the action so that he or she will not be prejudiced in maintaining his or her defense on the merits, and

(3) that the party knew or should have known that but for a mistake concerning the identity of the property party, the action would have been brought against him or her.

All of these requirements must be met within the time period "provided by law for commencing the action against" the party sought to be joined.

█ In the present case, plaintiff did not serve Blue Giant New York with formal notice of the commencement of the suit by July 15, 1983, two years after the date of the accident. Rule 15(c), however, makes explicit reference to the statute of limitations that is "provided by law." In a diversity case such as this one, a federal court is required to apply state law in determining the relevant statutory period. Thus, Rule 15(c) imports into the federal rules the statute of limitations of the forum state. It must also therefore import those doctrines that have been judicially created to inform the analysis of statute of limitations problems.

█ Pennsylvania law provides that where a party is prevented, through fraud or concealment, from discovering the identity of a proper party defendant, that party is estopped from invoking the statute of limitations as a defense. *See, e.g. Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964); *Huber v. McElwee-Courbis*, 392 F.Supp. 1379 (E.D.Pa.1975). Once a plaintiff has shown that a misrepresenta-

tion by the defendant was made, and that he or she reasonably relied upon that misrepresentation to his or her detriment, the plaintiff need not make the further showings that the misrepresentation was made knowingly by the defendant or that it was made with the intention that the plaintiff rely on it. *Gee v. CBS*, 471 F.Supp. 600, 623 (E.D.Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979). It is clear from his affidavit that plaintiffs' counsel undertook to identify the manufacturers of the hand-trucks in a diligent fashion. At one point he called the Buffalo New York offices of Blue Giant and was informed by an employee there that the PT–50 hand-trucks were manufactured in Canada. He relied on this information and filed suit against Blue Giant Canada. In spite of the fact that plaintiffs sued only the Canadian firm, Blue Giant New York received notice of the suit soon after it was filed.

The history of this case reveals that an employee of Blue Giant New York misrepresented the identity of the manufacturer of the PT–50 hand-truck. Whether that misrepresentation was made in a conscious effort to deceive an attorney seeking information in preparation of a lawsuit is immaterial. The misrepresentation was made and plaintiffs relied on it to their detriment. If in fact plaintiffs' counsel had been told that Blue Giant New York manufactured the PT–50 hand-trucks—that is, if he had been told the truth—this lawsuit would have been timely instituted against the correct defendant. Based on the uncontested affidavit of plaintiffs' counsel, and the law as I have summarized it, I conclude that the period in which to file an action based on the July 15, 1981 incident was tolled by the actions of the party sought to be joined.

It is also clear to me that none of the requirements of Rule 15(c) preclude me from concluding that plaintiffs' motion to amend should be granted. Blue Giant New York received notice of this suit soon after it was commenced. The affairs of the Canadian and New York divisions of Blue Giant are apparently closely related. Both concerns have the same president who is

also the designer of the PT–50 hand-truck. Blue Giant Canada's Answers to Plaintiffs' Supplemental Interrogatories Numbers 1 and 2. It even appears that the interests of Blue Giant New York were represented by counsel through some of the early phases of this lawsuit.

I do not think that a contrary result is dictated by the Third Circuit's recent decision in *Schiavone v. Fortune a/k/a Time Inc.,* 750 F.2d 15 (3d Cir., 1984). *Schiavone* dealt narrowly with a series of arguments in favor of the application of equitable principles directly to Rule 15(c). The Third Circuit rejected these arguments. None of those rejected arguments have figured in my decision in the case before me. I recognize that *Schiavone* could be read as implying that equitable principles have no place in any phase of any analysis under Rule 15(c). I believe, however, that this would interpret that case wrongly.

■ Rule 15(c) requires two distinct prongs of analysis. The first is that which occurs directly under the Rule: the determination whether notice has been given, or whether undue prejudice to the proposed defendant precludes substitution, or whether the party sought to be joined should have known that the action should have been brought against it. The second aspect of analysis under Rule 15(c) is the determination of the appropriate period in which an action could have been brought. In this phase of analysis, I do not read *Shiavone* to preclude the application of equitable principles where those principles are an established part of state statute of limitation doctrine. I hold today that in considering when a statute of limitation has run in the context of Rule 15(c), a court must apply those doctrines that would otherwise be applied in the consideration of statute of limitations problems. It would be somewhat disingenous to conclude that a district court should refer to the statute of limitations contained in a state statute but should not refer to the judicially created doctrines which animate and inform the statutory analysis. I refuse to accept this result.

I will therefore allow plaintiffs to amend their complaint and add Blue Giant Equipment Corporation of New York as a defendant. I will allow the newly added defendant to conduct some additional discovery if that is required.

