Juanita **MARTINEZ**, Marisol Martinez and Caroline Martinez by her guardian-ad-litem Juanita Martinez, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 89–4603.**

United States District Court,
D. New Jersey.

May 31, 1990.

---

Larry A. Chamish, P.A. by Dalwyn T. Dean, Newark, N.J., for plaintiffs.

Samuel A. Alito, Jr., U.S. Atty. by Susan Handler–Menahem, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

BISSELL, District Judge.

This matter arises before the Court on the basis of a motion by the defendant United States of America to dismiss the complaint by Juanita Martinez, et al., for lack of subject matter jurisdiction.

## I. FACTS AND BACKGROUND

The events that gave rise to this litigation are not presently in dispute. On November 2, 1987, plaintiffs Juanita Martinez, Marisol Martinez, and Caroline Martinez (by her guardian-ad-litem Juanita Martinez), were passengers in a car driven by Virginia Martinez when it collided with a car driven by FBI Special Agent Jeffrey McCoy in Newark, New Jersey. The plaintiffs were taken to a hospital and later released.

On May 17, 1988 Larry A. Chamish, Esquire wrote a letter to the FBI stating that he was enclosing a Notice of Intention to Make Claim which he had executed on behalf of his clients. (Defendant's Br., Exh. A). The enclosures were three Standard Forms 95 (SF–95), one for each plaintiff. Stating that the forms were not signed and that they failed to state the total amount of claim, the FBI returned the forms to counsel by letter dated May 25, 1988. The letter also noted (1) that when an SF–95 is signed by a legal representative of the claimants, rather than by the claimants themselves, it must be accompanied by evidence of the authority of the representative to present the claims on the claimants' behalf and (2) that any future submission of the SF–95 should include documentation of the claims. (Defendant's Br., Exh. B).

On March 2, 1989, Frederick C. Ritger, Jr., Esquire returned the SF–95s to the FBI. They contained a statement of the total claim amount and were predated May 17, 1988. Ritger's cover letter stated that he was executing the claims on behalf of his clients. However, the amended forms still bore no documentation in support of the claims, and the claimants provided no specific authorization of Ritger to represent them. (*Id.*, Exh. C).

Finally, on March 6, 1989, the FBI wrote to advise Ritger that it required both written authorization of Ritger's representation of the plaintiffs and supporting documentation of the alleged personal injuries and property damage before it could forward the claim to Washington, D.C. for processing. (*Id.*, Exh. D). Plaintiffs took no further action on the administrative level. However, they instituted this litigation in the United States District Court on November 21, 1989 under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

Now defendant United States has moved for dismissal for lack of subject matter jurisdiction, alleging that plaintiffs have not completed the prerequisites for filing their claim in this Court.

## II. DISCUSSION

A. *The Statutory and Regulatory Framework*

Title 28 U.S.C. § 2675 sets forth the requirements for filing an action under the Federal Tort Claims Act. It provides in relevant part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless

the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

Title 28 C.F.R. § 14.2 purports to set forth the criteria for proper presentation of an administrative claim:

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672 and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

B. *Decisional Law on Federal Court Jurisdiction over Cases Brought against Federal Agencies Pursuant to the Federal Tort Claims Act*

The Third Circuit has held that because "the terms of a sovereign's waiver of im-

munity define a court's jurisdiction . . . under the Federal Tort Claims Act, . . . [o]ne consequence of the rule is that compliance with the requirements for filing an action against the federal government may not be waived." *Richardson v. Knud Hansen Memorial Hospital,* 744 F.2d 1007, 1010 (3d Cir.1984) (citing *Bialowas v. United States,* 443 F.2d 1047, 1048–1049 (3d Cir. 1971)). However, the parties' dispute here centers on the precise scope of the jurisdictional requirements for filing Federal Tort Claims Act litigation in this court.

In *Bialowas,* the Third Circuit stated simply that

[the Federal Tort Claims Act] specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act.

(*Id.* at 1049).

In this case the defendant bottoms its motion for dismissal on its contention that a written designation of agency by the plaintiffs authorizing Attorney Ritger to file the claims as their agents is also a jurisdictional requirement for bringing a federal court action. Defendant asserts that because such written authorization was not provided by plaintiffs, they have not brought a valid administrative claim within two years of the accident, and this Court lacks subject matter jurisdiction over the merits of plaintiffs' claim.[1]

The Court determines first that its inquiry here must be directed to construing

---

1. Although 28 C.F.R. § 14.3(b) and (c) appears to require the submission of such evidence, the defendant does not contend that the administrative claim was deficient because it lacked a physician's documentation of the injury claims and two estimates of the cost of repair of the automobile.

Further, the Court notes that although the issue is not directly before it, it appears that the requirements set forth in 28 C.F.R. § 14.3, that administrative claims include documentation, "are not jurisdictional since the regulation was promulgated pursuant to the settlement section of the Federal Tort Claims Act, 28 U.S.C. § 2672, and not the jurisdictional section, 28 U.S.C. § 2675(a)." *Pardy v. United States,* 575 F.Supp. 1078, 1079 (S.D.Ill.1983) (citing *Graves v. United*

*States Coast Guard,* 692 F.2d 71, 74–75 (9th Cir.1982)).

Section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court. To so hold would permit federal defendants to be judge in their own cause by the initial determination of a claim's sufficiency. The result would not be consistent with the congressional purpose of "providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government." S.Rep. at 2; (1966) U.S.C.A.N. at 2515–16. The regulations promulgated under the Federal Tort Claims Act, 28 C.F.R. Part 14 (1980), also suggest that a claim with the bare essen-

the *ineluctable* jurisdictional requirements for filing an action under the Federal Tort Claims Act.

In *Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11 (3d Cir.1975), the Court stated that "[t]he requirements for an initial presentation of a claim in specific amount to the appropriate federal agency and a final denial of that claim are prerequisites to suit under the Act." (*Id.* at 19). "Although the purpose of the Federal Tort Claims Act is essentially remedial (citing *United States v. Muniz*, 374 U.S. 150, 165–66, 83 S.Ct. 1850, 1859, 10 L.Ed.2d 805 (1963); *City of Pittsburg v. United States*, 359 F.2d 564, 567 (3d Cir.1966), and 1966 U.S.Code Cong. & Admin.News, p. 2515 *et seq.*), the procedures established pursuant to the Act nonetheless have been strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity." (*Id.* at 19–20).

"The purpose of presentation is to permit the agency to know whether it has the authority to settle under 28 U.S.C. § 2670 or must have the approval of the Attorney General." *Collins v. United States Dep't of Army*, 626 F.Supp. 536, 537 (W.D.Pa. 1985) (citing *Bialowas*, 443 F.2d at 1050), which set forth in full the reasons for having certain "indispensable prerequisites" for stating a valid claim under the Federal Tort Claims Act:

> The initial purpose of the regulations requiring a statement of the specific sum claimed is to enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim. Above those limits the settlement must have the prior written approval of the Attorney General or his designee. Furthermore, the requirements of the regulations are intended to set up uniform procedures in the exercise

of settlement authority. The necessity for a signature to the claim is to fix responsibility for the claim and the representations made therein.

*Bialowas*, 443 F.2d at 1050. *Accord Jordan v. United States*, 333 F.Supp. 987 (E.D.Pa.1971), *aff'd mem.*, 474 F.2d 1340 (3d Cir.1973).

The *Flood Insurers* court reiterated that claims for damage must be presented "(1) by written notification, ... (2) from the owner of the property or the owner's *duly authorized* agent or legal representative, ...; (3) and set forth the amount claimed in sum certain with respect to each item of property,...." (*Id.* at 20). (Emphasis added). *See also Avery v. United States*, 680 F.2d 608, 610 (9th Cir.1982); *Adams v. United States*, 615 F.2d 284 (5th Cir.), *on rehearing*, 622 F.2d 197 (5th Cir.1980); *Douglas v. United States*, 658 F.2d 445 (6th Cir.1981); *Erxleben v. United States*, 668 F.2d 268 (7th Cir.1981).

■ Finally, it is clear that in almost every circumstance, to avoid dismissal for lack of subject matter jurisdiction in federal court, claims must be brought under the Federal Tort Claims Act within two years of accrual of the action or within two years of discovery by the plaintiff of his injury and its cause. 28 U.S.C. § 2401(b) (cited in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), and *Peterson v. United States*, 694 F.2d 943, 944–45 (3d Cir.1982)). *See also Bradley v. United States*, 856 F.2d 575, 578 (3d Cir. 1988).

■ Before 1987 several courts held that the "authorized agent" language in 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) (formerly § 14.3(e)) was not a threshold jurisdictional requirement. For example, in *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir.1982), the court held that "the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's

---

tials suffices for the purposes of section 2675(a)....

It would also be an inefficient use of judicial resources to require more than minimal notice to satisfy section 2675(a). Since the claims presentation requirement is jurisdictional, if it were interpreted to require more

than minimal notice, there would be, inevitably, hearings on ancillary matters of fact whenever the agency rejected a claim as incomplete.

*Avery v. United States*, 680 F.2d 608, 611 (9th Cir.1982).

behalf." (*Id.* at 74). Further, "[T]he language of the regulation itself suggests that its drafters took this view of the matter since it explicitly recognizes the presence of legal representatives as signatories but does not list them in the group requiring 'evidence of authority to present a claim.'" (*Id.*, citing 28 C.F.R. § 14.3(e) (now § 14.2(a)).

Even before 1987, however, several courts disagreed, insisting that evidence of a legal representative's authorization to present a claim was a jurisdictional prerequisite to instituting a court action. *See, e.g., DelValle v. Veterans Administration,* 571 F.Supp. 676, 678 (S.D.N.Y.1983); *Moody v. United States,* 585 F.Supp. 286, 288 (E.D.Tenn.1984), *aff'd* 774 F.2d 150 (6th Cir.1985), *cert. denied,* 479 U.S. 814, 107 S.Ct. 65, 93 L.Ed.2d 24 (1986). Moreover, effective March 11, 1987, the Department of Justice issued a final rule amending 28 C.F.R. § 14.2 (as set forth in the preceding section of this opinion) and with it a summary statement providing that

> This order clarifies the requirement that a claim include evidence of authority to present the claim whenever it is presented by an agent or legal representative on behalf of a claimant.... The amendment would modify 28 CFR Part 14 to clarify the mandatory requirement that a claim include evidence of authority to present the claim whenever it is presented by an agent of [sic] legal representative on behalf of a claimant.

52 Fed.Reg. 7411 (March 11, 1987).

Although amended § 14.2 replaced § 14.3(e), which was construed by some courts as a notice requirement but *not* a jurisdictional requirement, this Court is persuaded that the better course is to interpret the claims process regulation as a substantive, rather than as a strictly notice or procedural matter. *See* Sen.Rep. No. 1327, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admin.News, 89th Cong. 2d Sess. 2515–2527.

It is true that the other "indispensable" (*see Bialowas,* 443 F.2d at 1049) require-

ments of the statute are met here: the claim was signed and stated a sum certain; Ritger's filing of the claim on March 2, 1989 fell within the two year statute of limitations for bringing suit under the Act; and the litigation was filed more than six months after his submission of SF–95 to the proper federal agency failed to elicit a final disposition of the case. Nonetheless, plaintiffs failed to meet the requirement for filing Standard Forms 95 set forth in 28 C.F.R. § 14, that their legal representative provide evidence of his authority to represent them.

**C. *Parties' Response to the Court's Invitation to Brief Potential Cures of Jurisdictional Defects Arising from Improper Presentation of Administrative Claims under the Federal Tort Claims Act***

At oral argument in this matter on April 23, 1990, the Court determined that plaintiffs had failed to meet the jurisdictional requirements for instituting litigation. However, the Court invited plaintiffs to file a supplemental brief if they could (1) discover any written authority or affidavit which established the authority of counsel throughout the administrative history of this case, and (2) demonstrate that this Court has authority to cure the jurisdictional defect at this time. In other words the Court asked the plaintiffs to present authority that would either permit the Court to hear their claim itself or to require the federal agency to process their claim.

In response plaintiffs offer a contingency fee agreement dated November 11, 1987 and signed by the plaintiffs to establish counsel's authority to represent them before the FBI. (Plaintiffs' Supp.Br., Exh. A). Also, plaintiffs cite 28 U.S.C. § 1653 [2] for the proposition that "in the interest of justice plaintiffs should be permitted to cure the problem of proving whether the Law Firm of Larry A. Chamish was authorized to act on behalf of the plaintiffs." (Plaintiffs' Supp.Br. at 1). Plaintiffs also contend that Fed.R.Civ.P. 15(a) and (c) per-

---

**2.** Title 28 USC § 1653 provides:

Amendment of pleadings to show jurisdiction

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

mit amendments to pleadings to relate back to the original pleading, and that the Court should permit them to cure the procedural deficiency in their pleadings by the appropriate jurisdictional amendment.

 These arguments beg the issue. The question upon which the court invited argument was whether it had the power to require the federal agency to accept amendment of plaintiffs' administrative claim despite the expiration of the applicable two year statute of limitations. Plaintiffs' contentions address the possibility of amending pleadings made before this Court; they do not address this Court's jurisdiction over administrative claims. Title 28 USC § 1653 and Fed.R.Civ.P. 15 do not govern pleadings pursuant to administrative claims brought under the Federal Tort Claims Act, nor do they permit cure of the jurisdictional defect created by plaintiffs' failure properly to present their administrative claim. That defect may not be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986) (quoted in *Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990) in Defendant's Supplemental Br., Exh. 1). This Court cannot create jurisdiction where by law none exists.

In other words the two provisions cited by plaintiffs do not confer jurisdiction on this Court. In the absence of such jurisdiction, the Court cannot either remand it to the Federal Bureau of Investigation for determination, waive the expiration of the two year statute of limitations, or otherwise tinker with the administrative machinery developed by federal regulation interpreting the Federal Tort Claims Act. Because dismissal of plaintiffs' complaint against a federal agency is not grounded strictly on the deficiency of its pleadings before this Court, but on its failure to meet the prerequisites for filing a claim, § 1653

and Rule 15 avail plaintiffs nothing.[3] Finally, because the Court has determined that it has no power to cure the jurisdictional defect, it follows that, on this record, the Court is also without power to order the federal agency to consider a complaint that does not meet the applicable regulations for presenting a claim.

### III. CONCLUSION

For all the foregoing reasons, the motion by the defendant United States for dismissal for lack of subject matter jurisdiction is granted.

---

**3.** The cases cited by plaintiffs refer to the policy of liberally granting amendment of pleadings to cure jurisdictional deficiencies after litigation is brought in federal court. *Long v. Lipkins*, 96 F.R.D. 234 (E.D.Pa.1983), discusses the effect of a prolonged lapse of time between defendants' original answer to a federal court complaint and their motion for leave to amend their answer. (*Id.* at 235). *Layton v. Blue Giant Equipment Company of Canada*, 105 F.R.D. 83 (E.D. Pa.1985), discusses plaintiff's right to amend his

complaint, after diligent effort to ascertain the proper party, to substitute a subsidiary corporation as defendant, and to have the amendment relate back to defeat the expiration of the statute of limitations. (*Id.* at 86–87).

Neither case makes any reference to the issue before this Court: the curing of jurisdictional deficiencies arising from failure properly to present administrative claims under the Federal Tort Claims Act.