Thomas C. **ENDSLEY,** As Personal Representative of the Estate of Felisha J. Hedges, Deceased, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. IP 92–810–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 23, 1992.

Kevin P. Farrell, Teresa L. Todd, Yosha Cline Farrell & Ladendorf, Indianapolis, IN, for plaintiff.

Sue Hendricks Bailey, Asst. U.S. Atty., Indianapolis, IN, for defendant.

## ENTRY

BARKER, District Judge.

The government has filed a motion to dismiss the complaint. Two of the grounds for its motion have been corrected in a second amended complaint which plaintiff has sought leave to file and to which government counsel does not disagree. The second motion to amend is therefore *GRANTED*. The remaining basis for the requested dismissal is that the plaintiff, Thomas C. Endsley, who apparently was the only person lawfully authorized to represent the Estate of Ms. Hedges, failed to file an administrative claim with the Postal Service in his name. Accordingly, the government argues, this court lacks subject matter jurisdiction over the plaintiff's claims.

The relevant facts can be succinctly summarized. On July 30, 1990, Ms. Hedges, while a passenger on a motorcycle, collided with a postal vehicle and was killed. Following her death, her father, James B. Hedges, by and through his attorney, Teresa L. Todd, transmitted by letter of January 22, 1991, a "Claim for Damage, Injury, or Death" (SF–95) to the Postal Service at Indianapolis. The claim form was signed by Ms. Todd as attorney for Hedges. However, no evidence that Ms. Todd or Mr. Hedges was officially authorized to act for Ms. Hedges' Estate was ever submitted to the Postal Service. This suit was filed on May 20, 1992, by James B. Hedges, without the Postal Service having taken any action on the administrative claim during the sixteen months it was pending.

On July 14, 1992, the court allowed the plaintiff to amend the complaint to substitute Thomas C. Endsley for James B. Hedges as the personal representative of the Estate of Felisha Hedges on plaintiff's counsel's assertion that he had not known when the original complaint was filed that the Superior Court of Marion County had ordered Mr. Endsley to be the representative of the Estate for purposes of prosecuting this action.

The government contends that the complaint warrants dismissal because the administrative claim, brought in the name of Mr. Hedges as the father of Ms. Hedges, the deceased, failed to include evidence of Mr. Hedges' authority to act as the representative of Ms. Hedges' estate. In fact, as it turns out, he apparently lacked such authority to file the claim on behalf of the estate.

The source of the requirement that a claimant provide such evidence of authority is 28 C.F.R. § 14.3(e), which states:

A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant, as agent, executor, administrator, parent, guardian or other representative.

The parties stipulate that all these requirements except for the accompanying evidence of authority were satisfied by the plaintiff.

Other courts have held that the requirements of the above-cited regulation are not jurisdictional under the Federal Tort Claims Act (28 U.S.C. § 2675(a)); rather, the regulation was promulgated pursuant to the settlement section of the Act (28 U.S.C. § 2672). See *Pardy v. United States,* 575 F.Supp. 1078, 1079 (S.D.Ill.1983). Hence, plaintiff's failure to supply all the information commanded by the regulations does not necessarily require dismissal of the lawsuit. What is the consequence of such a failure, if not dismissal? This judge is of the view that so long as the evidence of authority can be provided by the claimant at some point prior to the incurring of real prejudice to the

administrative agency, no sanction is required.

 Here, the lack of evidence of authority was, at worst, an impediment to the Postal Service in its ability to conduct prelitigation negotiations, but even this prejudice can only be regarded as theoretical, because of the Postal Service's otherwise unexplained failure or refusal to act on the administrative claim prior to the filing of this lawsuit. There was no prejudice claimed or argued by the government. In any event, the claim form did reflect that Mr. Hedges was the father of the deceased and that Ms. Todd was Mr. Hedges' attorney. Had the Postal Service chosen to inquire further, it had sufficient information to allow it to proceed with appropriate dispatch and prudence.

What is a jurisdictional requirement, however, and therefore what is significantly more crucial to the survival of this claim is whether the form of the claim satisfied the requirements of presentment to the responding governmental agency, under 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). Those requirements mandate that a claim be deemed "presented" only when it is a written notice submitted by the claimant to the agency sufficiently detailing the nature of the claim "to enable the agency to investigate" and sufficiently specifying its monetary value to allow the agency to assess its exposure. See *Conn v. U.S.*, 867 F.2d 916, 918–19 (6th Cir.1989).

But those requirements present no real obstacles to plaintiff's ability to maintain this litigation because such a presentment has clearly been made. Even though the identity of the representative of the estate of the deceased was not fully authenticated to the Postal Service and even though the individual acting in that capacity shifted during the course of the dealings with the Postal Service (when Endsley had to be substituted for Hedges), the details of the claim remained constant. In addition, and it is without dispute, the notice provided by the claimant was in writing and contained a specific dollar value of $300,000.

The Court, thus, finds that the administrative procedures have been satisfied by plaintiff, which fact permits this court to assume subject matter jurisdiction over this cause of action. The motion to dismiss must be denied.

It is so ORDERED.