Elizabeth M. DONDERO and Joseph Dondero, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 91–323–JLL.

United States District Court, D. Delaware.

Sept. 25, 1991.

Debra C. Aldrich of Doroshow, Pasquale & Linarducci, Wilmington, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty., and Patricia C. Hannigan, Asst. U.S. Atty., Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Elizabeth M. Dondero and her husband Joseph Dondero filed this action against

the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). Elizabeth seeks to recover for personal injuries that she sustained as a result of an automobile accident. Her husband, Joseph, claims loss of consortium as a result of his wife's injuries. The defendant moved to dismiss Joseph's loss of consortium claim for lack of subject matter jurisdiction. For the reasons stated below, this Court agrees that Joseph's loss of consortium claim must be dismissed due to jurisdictional defects. Joseph failed to file a "claim" with the appropriate Federal agency as required by the FTCA and this Court lacks the power to correct this jurisdictional defect.

## I. RELEVANT BACKGROUND FACTS

While attempting a left turn, a United States Postal vehicle struck the front of the Dondero vehicle in New Castle County, Delaware on November 30, 1988.[1] Elizabeth Dondero, the only occupant in the car, alleges that she suffered personal injuries and that her car was completely destroyed. On November 16, 1990, Elizabeth filed an administrative claim to the appropriate Federal agency with the assistance of counsel on a standard Government form. The Postal Service denied the claim on March 22, 1991. (Docket Item 1 ["D.I."].)

The administrative claim names Elizabeth Dondero as the claimant and describes the accident. The claim form lists and provides documentation for her injuries. Elizabeth's attorney, Mr. Arthur Krawitz, is designated on the application as her legal representative. Mr. Krawitz signed the claim form as "Attorney for Claimant" and attached a retainer affidavit. The claim form alleged $100 in property damage, the deductible amount on her No–Fault insurance policy with Nationwide Insurance Company, and $175,000 for her personal injury. (D.I. 9, 12.)

In the description of her personal injuries, Elizabeth noted that "Mr. Joseph Dondero sustained a loss of consortium." However, Joseph Dondero is not named as a claimant, he did not sign the administrative claim form, his wife submitted no documentation of the lost services, and the attorney signed the form in his capacity as attorney for only one claimant. Furthermore, the "Personal Injury" damage question only contained one figure, presumably for Elizabeth, the claimant involved in the accident. (D.I. 9, 12.)

The retainer affidavit, signed by Elizabeth Dondero, states that the attorney had been retained for both Mr. and Mrs. Dondero. However, the husband did not sign the retainer form, Elizabeth did not sign in any representative capacity, and she presented no supporting legal documentation of any such capacity. Evidence of representative capacity is clearly required in the instructions on the back of the form.[2] In fact, the plaintiffs acknowledged that the Government was unaware of Mrs. Dondero's appointment as Joseph Dondero's guardian in their August 29, 1991 Answering Letter Memorandum. (D.I. 12.)[3]

## II. THE APPLICABLE STATUTORY AND REGULATORY FRAMEWORK

Although the United States of America, as sovereign, is immune from claims against it due to its negligence, *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), the FTCA represents a limited waiver of this immuni-

---

1. Under the FTCA and § 1346(b), the substantive law of Delaware, the state where the tort occurred, controls. *See United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

2. The instructions read as follows:
   The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

3. The Court of Chancery of the State of Delaware appointed Elizabeth Dondero as guardian of her husband's property in 1982. (D.I. 12.)

ty. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). An explicit, mandatory condition for waiver of immunity to occur is that a written claim be presented to the "appropriate Federal agency." 28 U.S.C. §§ 2401, 2675 (1978 & Supp.1991).

■ The "appropriate Federal agency" is the agency whose activities gave rise to the claim. 28 U.S.C. § 2671 (1965 & Supp. 1991); 28 C.F.R. § 14.2(b)(1) (1990). The agency must be given an opportunity to investigate the claim and to either pursue settlement or prepare a defense. 28 U.S.C. § 2672 (1965 & Supp.1991); *Tucker v. United States Postal Service*, 676 F.2d 954, 958 (3d Cir.1982) (citing S.Rep.No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* [1966] U.S.CODE CONG. & AD-MIN.NEWS, 2515–16) [hereinafter S.Rep. No. 1327]). Compliance with this condition is necessary to fulfill the underlying purposes of the act.

### A. *The Rationale Underlying The Statute*

The FTCA's underlying purpose is two-fold. First, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Tucker v. United States Postal Service*, 676 F.2d at 958 (quoting S.Rep.No. 1327 at 2517). Since the appropriate agency has direct access to the best information concerning the activity which gave rise to the claim and routinely conducts an investigation of all such incidents, the agency is in the best position to assess the seriousness of the claim and to consider settlement. Also, since tort claims against the Government generally arise in connection with activities of a few agencies, the agency has a degree of expertise in settling such claims.

S.Rep.No. 1327 at 2517. Thus, meritorious claims are settled quickly, without the need for expensive and time consuming litigation. S.Rep.No. 1327 at 2518.

Second, the FTCA provides fair and equitable treatment of private individuals involved in litigation with their government. *Tucker v. United States Postal Service*, 676 F.2d at 958. The FTCA was not designed to make recovery from the Government more difficult or to "put up a barrier of technicalities" to defeat legitimate claims. *Ryan v. United States*, 457 F.Supp. 400, 403 (W.D.Pa.1978); *Wozniak v. United States*, 701 F.Supp. 259, 260 (D.Mass.1988). The claim procedure is simple and explicit. A one-page preprinted form is available, though not required, with clearly worded instructions on the reverse side. Moreover, the agency's opportunity to investigate is limited to six months which prevents the agency from unduly delaying resolution of the claim or coercing an unfair settlement. 28 U.S.C. §§ 2401, 2675; S.Rep.No. 1327 at 2518. The FTCA merely hopes to accomplish more expeditious procedures which will save litigation expense, avoid unnecessary delays and ensure timely compensation of the injured parties.

### B. *Jurisdictional Prerequisites*

■ Consistent with established statutory interpretation principles [4], the Federal Tort Claims Act must be literally construed. Tort claims against the United States *shall* be barred unless they are first presented in writing to the appropriate Federal agency. 28 U.S.C. §§ 2401(b), 2675. The Government's waiver of immunity, and all conditions of that waiver, must be strictly observed and should not be implied or extended by the courts beyond that which Congress intended. *United States v. Kubrick*, 444 U.S. at 118, 100 S.Ct. at

---

**4.** The literal construction of any statute must be given effect unless it produces an absurd, unjust result or a result inconsistent with the purposes and policies underlying the statute. *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 487, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955) (legislature can better explore the advantages and disadvantages of a proposed course of action to

determine what public policy requires). Since judicial power is dependent on the Constitution or enabling legislation, the language of clearly written statutes is regarded as conclusive. *Bread Political Action Committee v. Federal Election Comm'n*, 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982).

357; *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957); *Ryan v. United States*, 457 F.Supp. at 402.

The mandatory language of the statute does not confer discretion upon the court to excuse noncompliance nor does it permit the parties to waive the requirement. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir.1971). *See also Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 24, *overruled on other grounds*, 659 F.2d 306 (3d Cir.1981), *cert. denied*, 458 U.S. 1121, 102 S.Ct. 3509, 73 L.Ed.2d 1383 (1982) (if jurisdiction is not established by compliance with requirements, subject matter jurisdiction cannot be established at all). Under the law, Federal courts do not possess subject matter jurisdiction unless the agency has an opportunity to review the claim.

Compliance with the regulatory definition of "claim" is a prerequisite for filing suit in Federal court. *Tucker v. United States Postal Service*, 676 F.2d at 957 (regulations define § 2675 notice). An administrative claim is presented when the Federal agency receives the following from a claimant: (1) an executed Standard Form 95 or other written notification of the incident, (2) a specific, sum certain claim for money damages alleged to have occurred by reason of the incident, and (3) if the claim is filed on behalf of the claimant, evidence of the authority to present a claim on behalf of the claimant. 28 C.F.R. § 14.2 (1990). Federal courts lack jurisdiction if a proper claim is not made. *Bialowas v. United States*, 443 F.2d at 1050 (statement of specific sum is indispensable prerequisite to valid claim under appropriate regulations); *Pennsylvania v. Nat'l Ass'n of Flood Insurers.*, 520 F.2d at 21 (naked assertion of damage and representative status without evidence insufficient to fulfill the necessary jurisdictional requisites); *Martinez v. United States*, 743 F.Supp. 298, 302 (D.N.J.1990) (March 1987 amendment to regulations clarifies the mandatory requirement that evidence of authority be presented); *Gunstream v. United States*, 307 F.Supp. 366 (C.D.Cal.1969) (parents barred from asserting son's claim, claim completely devoid of representative capacity).

While the contents of the claim form can be liberally construed, the filing of a "claim" cannot be. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir.), *cert. denied*, 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989) (rejection of substantial compliance argument). Even if multiple claimants or claims exist from a single incident, each claimant must individually satisfy all jurisdictional requirements. *Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d at 23. If the single claim form is used for multiple claims, it must set forth sufficient facts to warrant an agency investigation and to constitute "constructive notice" of the other theory of liability. *Johnson v. United States*, 594 F.Supp. 728, 730 (E.D.N.Y.1984), *aff'd*, 788 F.2d 845 (2d Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986) (claim for assault and battery not preserve jurisdiction for negligent supervision). The Government must be aware of each separate claim and given an opportunity to investigate each separate claim. *Ryan v. United States*, 457 F.Supp. at 403.

The jurisdictional "technicality" of asserting separate administrative claim is essential to fulfill the Congressional intent. The administrative claim requirement is not designed to discourage claims, it merely puts the agency on notice. Notice is paramount given the underlying desire to settle meritorious claims without resorting to expensive litigation. Administrative claims ensure adequate notice to the Federal agency to initiate the settlement process. *Wozniak v. United States*, 701 F.Supp. 259, 262 n. 2.; *Tucker v. United States*, 676 F.2d at 957. "The agency cannot be expected to ponder what it does not know." *Wozniak v. United States*, 701 F.Supp. at 263 n. 5.

C. *Spouses Seeking Recovery For Loss Of Consortium Must Meet The Jurisdictional Requirements*

Under Delaware law, loss of consortium is a separate and distinct claim.

Since one spouse cannot assert or extinguish the other's cause of action, the spouse of the injured claimant must also expressly raise the claim under the Act. *Jones v. Elliott*, 551 A.2d 62 (Del.1988). Under Federal law, the FTCA also does not explicitly exempt loss of consortium claims from the jurisdictional requirements. *Murray v. United States*, 604 F.Supp. 444, 446 (E.D.Pa.1985); *Susanin v. United States*, 570 F.Supp. 25 (W.D.Pa.1983).

Clearly, under both Delaware and Federal law, one spouse cannot rely upon the administrative claim made by the other. As noted by the Honorable Charles R. Scott,

> [t]he law is settled that one person cannot file a prerequisite administrative tort claim for another person; and specifically one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse.

*Walker v. United States*, 471 F.Supp. 38, 42 (M.D.Fla.1978), *aff'd*, 597 F.2d 770 (5th Cir.1979) (citations omitted).

■ Jurisdiction is not preserved for derivative claims by making reference to the spouse, each spouse must fulfill all jurisdictional requirements for their independent claims. Mere reference to a spouse or a related cause of action based upon the same facts has been deemed insufficient notice. *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 893 (6th Cir.1986) (mere identification of spouse on claim form is insufficient); *Jackson v. United States*, 730 F.2d 808 (D.C.Cir.1984) (parents' administrative claim for wrongful death failed to preserve jurisdiction for wife's wrongful death and survival actions); *Ryan v. United States*, 457 F.Supp. 400, 403 (W.D.Pa.1978) (derivative claims should be clearly delineated); *Collins v. General Motors Corp.*, 101 F.R.D. 1 (W.D.Pa.1982) (inclusion of "et ux" in cover letter not sufficiently file spouse's claim for loss of consortium). The Government must be given notice of the nature and the amount of the claim.

## III. LACK OF SUBJECT MATTER JURISDICTION PRECLUDES CONSIDERATION OF LOSS OF CONSORTIUM CLAIM IN PRESENT CASE

■ In the present case, Joseph failed to assert a separate claim for loss of consortium and to meet the jurisdictional requirements. This failure bars his suit in this Court for the reasons discussed below.

### A. *Mr. Dondero Failed To File A "Claim" Under The FTCA*

The jurisdictional requirements are unambiguous and specifically outlined on the reverse side of the claim form. Even if Elizabeth did not know how to file an appropriate claim for both causes of action, it is not unreasonable to expect her attorney to understand this requirement. The record indicates that the Donderos clearly had time to effectuate a proper filing.

Joseph never completed a separate claim form for his loss of consortium claim nor was specific notification sent to the Government clearly indicating that it was being sent on his behalf. This was not a situation where the representation was obvious, i.e. asserting claim for deceased individual or a minor child, and Elizabeth's administrative claim does not indicate that she acted as her husband's guardian. The record does not reflect, and counsel does not discuss, any evidence presented to notify the Government of Joseph's incompetence, his wife's long standing guardianship, or that would have aroused the Postal Service's suspicions. In fact, the plaintiff conceded that "the Government was likely unaware of Mrs. Dondero's appointment as Joseph Dondero's guardian." (D.I. 12.)

The mere fact that counsel attached the retainer affidavit for Elizabeth's claim evidences an awareness of the requirement and counsel's failure to provide similar evidence for Joseph may imply that counsel never intended to act on behalf of Joseph through Elizabeth's guardianship on the claim form at issue. Moreover, the retainer specifically refers to Elizabeth's representation, stating that Elizabeth retained counsel "to represent me" and to "act on my behalf." The mention of Joseph's loss

of consortium claim appears to be gratuitous language tacked on at the end.

■ Furthermore, it is likely that, given Joseph's manic-depressive state, inoperable heart condition, hardening of the arteries and emphysema (D.I. 12), the loss of his wife's services may have been substantial. If these services were extensive, it is also unlikely that their omission was a mere oversight. If Elizabeth intended to assert Joseph's claim, she had a duty to describe these services, the length of deprivation, and/or the expenses incurred for replacement services. In other words, she had to state sufficient facts to warrant Government investigation into the second claim. Elizabeth's claim did not set forth sufficient facts to support another theory of liability.

Elizabeth failed to specifically request a compensation amount for Mr. Dondero's loss of consortium. As discussed *supra,* these are indispensable prerequisites under the regulations. The lump sum on the claim form is inadequate because Elizabeth's detailed documentation coupled with her probable pain and suffering could possibly support a claim for $175,000 by itself. It is unreasonable to require the Federal agency to presume that multiple claims exist merely because they believe the request to be excessive. Therefore, it can not be presumed that the loss of consortium amount is included in the requested amount, especially when it is not clear that a second claim was even made.

This Court finds that both claims are not clearly asserted, a sum certain is not stated for the loss of consortium claim, and the mandatory jurisdictional prerequisites for Joseph to file suit have not been met. Therefore, this Court lacks subject matter jurisdiction over Joseph's claim for loss of consortium.

B. *The Government Was Given Insufficient Notice To Warrant Investigation Into The Claim*

There is also no evidence that would give the Government inquiry notice that both spouses were asserting claims. The form only lists one claimant, the attorney's signature only refers to one claimant, and Joseph never signed the form. Although Elizabeth understood that documentation of the claim was necessary, the ten exhibits and supporting information fails to mention the husband's loss of consortium claim. (D.I. 9.) Moreover, the amount requested for personal injury does not highlight separate damage requests for the separate claims allegedly being asserted. Specifically noting the husband's loss of consortium damages would have undoubtedly clarified the dual claims for the Government's review and compensated for the defective administrative filing.

■ This Court concludes that under the facts and circumstances of this case, the mere reference to a separate cause of action belonging to another adult without any supporting information concerning the claim or the guardianship status of the wife does not provide sufficient notice to the Government. Plaintiffs contend that it was incumbent upon the Postal Service to inform the Dondero's legal representative of the deficiency and/or to request additional information. However, this single claim form does not set forth sufficient facts to warrant an agency investigation as to the loss of consortium claim.

C. *This Ruling Is Consistent With Both The Language And The Rationale Of The FTCA*

This Court lacks power to waive or excuse plaintiffs' failure to assert a claim for loss of consortium and to fulfill the jurisdictional prerequisites. This ruling is consistent with both the language and the rationale of the FTCA.

Under the FTCA, the Postal Service is entitled to advanced notice to either consider settlement or to prepare a defense. The plaintiffs' ambiguous assertion of the loss of consortium claim in the present case clearly prejudiced the Government by depriving the Postal Service of the opportunity to review, value and settle Joseph's independent claim. To hold otherwise would violate the Congressional desire to have the agency review the claim and settle it if

possible. Obviously, the agency must be aware of the claims alleged and the amount of damages incurred to pursue meaningful settlement.

■■■ Also, the Government must receive evidence of the authority of legal representation for two reasons. First, negotiating with anyone not capable of consummating a settlement not only wastes time and resources but it also wastes the statutory six-month period for agency action. Permitting a plaintiff to waste Government resources in this manner is clearly contrary to the Congressional intent.

Second, representation may be fraudulently maintained on behalf of another without his/her knowledge. Inadvertent payment to an impostor will not compensate the injured party and conflicts with the second Congressional purpose of fairness to the injured party. Failure to require evidence of representation up front may even encourage filing such fraudulent claims in the hopes of having it slip through a bureaucratic crack.

## IV. CONCLUSION

This Court holds that the burden of deciphering this vague claim should fall on the plaintiffs under the facts and circumstances of this case. If Elizabeth had intended to assert both claims, she could easily have noted her dual capacity either on the claim form, on the retainer agreement, or when referencing the claim for loss of consortium. To clearly assert the claim and to protect her cause of action, she could easily have documented the services that she provided to her husband as she did for her own personal injury claims. The absence of notice, either actual or constructive, is fatal to the plaintiffs' loss of consortium case.

Accordingly, the defendant's motion to dismiss Joseph's loss of consortium claim will be granted for lack of subject matter jurisdiction. An order will be entered in accordance with this Memorandum Opinion.