**Florence L. FRANTZ, as Administratrix of the Estate of James F. Frantz (Deceased), and individually as widow of James Frantz; James F. Frantz III, surviving son of James F. Frantz; and Robert E. Frantz, surviving son of James F. Frantz; and Thomas E. Frantz, surviving son of James F. Frantz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third Party Plaintiff,**

v.

**KENT GENERAL HOSPITAL, a Delaware hospital, Brian M. Benson, Jr., M.D.; Christopher Giles, M.D.; Jarrell, Benson & Giles, M.D.'s, P.A., a Delaware professional association; and Jarrell, Benson, Giles & Sweeney, M.D.'s, P.A., a Delaware professional association, Third Party Defendants.**

**Civ. A. No. 91–483–JLL.**

United States District Court, D. Delaware.

April 13, 1992.

Robert Jacobs and Marla Eskin of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty., and Patricia C. Hannigan, Asst. U.S. Atty., Wilmington, Del., for defendant and third party plaintiff.

Mason E. Turner, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for third party defendant Kent General Hosp.

F. Alton Tybout of Tybout, Redfearn & Pell, Wilmington, Del., for third party defendants Benson, Giles, Jarrell, Benson & Giles, and Jarrell, Benson, Giles & Sweeney.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

■■■ Plaintiffs filed this action for wrongful death against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). The FTCA, a limited waiver of sovereign immunity, conditions judicial action on the presentation of an administrative claim. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Dondero v. United States,* 775 F.Supp. 144, 147 (D.Del.1991); 28 U.S.C. §§ 2401, 2675. The FTCA is designed to ease court congestion, expedite fair settlement, and provide equitable treatment to the injured individual. *Dondero v. United States,* 775 F.Supp. at 147 (citing *Tucker v. United States Postal Service,* 676 F.2d 954, 958 (3d Cir.1982)).

■■■ This Court's subject matter jurisdiction depends upon the filing of a proper "claim," one which gives notice as to the nature/amount of the claim and, if filed on behalf of another, evidence of representative authority. 28 C.F.R. § 14.2 (1990); *Dondero v. United States,* 775 F.Supp. at 148–9; *Martinez v. United States,* 743 F.Supp. 298, 302 (D.N.J.1990). If multiple claimants exist, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf. *Estate of Santos v. United States,* 525 F.Supp. 982 (D.Puerto Rico 1981); *Pennsylvania v. Nat'l Ass'n of Flood Insurers,* 520 F.2d 11, 23 (3d Cir. 1975). If multiple claims are asserted on a single claim form, the form must give "con-

structive notice" sufficient to warrant investigation of each claim. *Dondero v. United States,* 775 F.Supp. at 148. Mere reference to a related cause of action, based upon the same facts, will be insufficient when it fails to provide the Government notice of the nature and amount of the claim. *Id.; Jackson v. United States,* 730 F.2d 808 (D.C.Cir.1984).

The pending issue is whether all six plaintiffs have complied with the prerequisites necessary to confer subject matter jurisdiction on this Court. The administratrix of the estate filed a standard claim form with the U.S. Air Force and the plaintiffs contend that this claim form secures jurisdiction for all plaintiffs in the action. The plaintiffs contend that they gave sufficient notice to the Government as to the nature and amount of all claims and, even if the notice was insufficient, the lack of prejudice to the Government precludes dismissal. The United States maintains that the only claim adequately presented to the Air Force was the survivorship claim filed by the administratrix for the estate and that the single administrative claim form did not provide constructive notice of each plaintiff's wrongful death claim. Therefore, the Government argues that all claims except the administratrix's claim are jurisdictionally barred and that a partial summary judgment in favor of the defendant is appropriate.

For the reasons stated below, the Court will grant partial summary judgment in favor of the defendant by dismissing from this action all claims of the named plaintiffs other than Florence F. Frantz as Administratrix of the Estate of James F. Frantz.

## I. RELEVANT BACKGROUND

A sixty-three year old man was admitted to Dover Air Force Base Hospital with a diagnosis of pneumonia on October 30, 1988, transferred to Kent General Hospital on November 1, 1988, and died on November 2, 1988.[1] The decedent left a wife, Florence Frantz, and four adult sons. (Docket Item ["D.I."] 39 at 11; 40 A–1.)

Upon death, two distinct causes of action may exist: (1) a survival action under DEL. CODE ANN. tit. 10 § 3704 (1977) and (2) a wrongful death action under DEL. CODE ANN. tit. 10 § 3724(d) (Supp.1990). *Shively v. Klein,* C.A. No. 84C–JL–112, 1986 WL 15432 (Sept. 9, 1986). *See Drake v. St. Francis Hospital,* 560 A.2d 1059, 1060–62 (Del.1989) (actions can be brought simultaneously; *Magee v. Rose,* 405 A.2d 143 (Del.Super.Ct.1979) (both actions enacted in derogation of common law and must be strictly construed). A survival action, filed by the personal representative of the estate, recovers any damage sustained by the decedent between the injury and his/her death, for which the decedent could have recovered had he/she lived. *Magee v. Rose,* 405 A.2d at 147. Thus, a survival action compensates the estate.

A wrongful death action is maintained for the benefit of specified individuals for damage sustained as a result of the decedent's death. It is a derivative claim and, if the action is permitted, each statutory beneficiary is entitled to separate damages upon proof of his/her loss. DEL. CODE ANN. tit. 10 § 3724; *Drake v. St. Francis Hospital,* 560 A.2d at 1061 (action subject to same limitations as action brought by decedent); *Shively v. Klein,* C.A. No. 84C–JL–112 at 2 (damages are measured by value of the decedent's life to the person or persons entitled to damages). Thus, a wrongful death action compensates the decedent's loved ones rather than the estate.

On August 6, 1990 Mr. Robert Jacobs of Jacobs & Crumplar sent an administrative claim form[2] to the Air Force asserting a

---

**1.** Related actions pending in state court are not relevant to the present issue so they are not discussed.

**2.** Government Form SF 95. On the reverse side of the one page form, the instructions state that "[a] claim shall be deemed to have been present-

ed when a federal agency receives from a claimant, his duly authorized agent, or legal representative an executed standard form 95 or other written notification of an incident, accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of

medical negligence claim by the estate of James Frantz and his heirs. ("D.I." 40 A–3; 45 A–29.) The attorney's cover letter referred to a single "claim" and the undated and unsigned claim form listed the decedent, James Frantz, as the claimant. The claim form indicated that the law firm of Jacobs & Crumplar was the claimant's representative. (D.I. 40 A–33, A–30.) As a result of the alleged negligence, the form stated that the claimant suffered a wrongful death and that the claimant's wife and children, listed as witnesses, suffered economic loss as well as pain and suffering. (D.I. 40 A–33.) The claimant sought to recover in excess of $1,000,000 for personal injury and in excess of $1,000,000 for wrongful death.

Three days later Mr. Jacobs sent a substantively identical administrative claim form, which he signed as the attorney for the claimant. (D.I. 40 A–1, A–2.) Mr. Jacobs stated in his cover letter that he was submitting the claim on behalf of his client, "Florence Frantz who is the spouse and the executrix[3] of the estate of the deceased, James Frantz." The cover letter's line of referral specifically addressed James Frantz. (D.I. 40 A–2.) In the cover letter, the attorney again referred to a single "claim" and to an enclosed contract evidencing the law firm's representative capacity for Florence Frantz. (D.I. 40 A–1, A–2, A–9, A–30.)

However, Florence Frantz was not listed on the form as a claimant and she submitted no evidence of authority to act on behalf of the estate of James Frantz.[4] Because the claim forms, referring to a single deceased claimant, were not accompanied by evidence of legal representation, the Air Force notified Mr. Crumplar of this deficiency. (D.I. 40 A–6; 45 A–2.) Mr. Jacobs had a telephone conversation with the claims officer concerning this deficiency and allegedly informed the officer that he represented Florence Frantz and the decedent's children. Mr. Jacobs filed another claim form on September 12, 1990. (D.I. 45 A–30.) This claim form, substantively identical to the previous forms, was signed by Florence Frantz as Administratrix of the Estate of James Frantz and by Mr. Jacobs as her attorney. (D.I. 40 A–7, A–30; 45 A–3, A–5.) The attorney enclosed evidence of Florence Frantz's status as administratrix of her husband's estate and evidence of his status as attorney for Florence Frantz. (D.I. 40 A–8, A–9.)

The Air Force denied the administrative claim for "the estate of James Frantz" brought by "Florence Frantz, Administratrix of the estate of James Frantz." (D.I. 45 A–6.) The Air Force found "no fault with the care rendered by Air Force doctors." (D.I. 45 A–6.) On August 30, 1991, plaintiffs filed this action under the FTCA alleging wrongful death as a result of medical negligence. (D.I. 1.) The complaint asserts wrongful death claims by the estate of James Frantz, the decedent's four children and by his widow, Florence Frantz. (D.I. 1.)

## II. DISCUSSION

■ The Government contends that, while the administratrix of the estate asserted a proper survivor claim under the FTCA, the mere mention of additional wrongful death claims for unidentified individuals for unspecified amounts does not

---

the incident." (Emphasis in original.) The instructions also cite to the regulations pertaining to such claims and discuss the necessity of providing satisfactory evidence to act in a representative capacity.

3. Florence Frantz is the administratrix for the estate, not the executrix. The terminology used in the cover letter is erroneous.

4. The instructions on the SF 95 provide in pertinent part:
The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

constitute adequate notice. In response, the plaintiff contends that the claim form gave constructive notice to warrant investigation into the wrongful death claims. Allegedly, this constructive notice arose from: (1) the stated injury suffered by the claimant's wife and children in the second sentence of question # 10; (2) the listing of the wife and children as witnesses in question # 11; (3) the value stated for wrongful death in question # 12c; (4) the referral to the dual capacity of Florence Frantz, as the decedent's spouse and administratrix of the estate; (5) the assertion of the claim by the estate of James Frantz and his heirs in the initial cover letter; and (6) the fact that Mr. Jacobs informed the Air Force during a telephone conversation that he also represented Florence Frantz individually and her children with respect to a wrongful death claim. Thus, the plaintiffs contend that they provided the Government sufficient notice to investigate all of the wrongful death claims.

This Court holds that the plaintiffs have not shown that all jurisdictional prerequisites have been met. The plaintiffs did not tell the Air Force the number of claimants, the names of such claimants, or the value of the wrongful death claims on the administrative claim form or during the subsequent communications. This information was critical to the prompt investigation of the claim and evaluation of the case for settlement. Furthermore, the sons did not submit evidence of representative authority for another to act on their behalf nor did they file their own administrative claim. The Court finds that none of the wrongful death claimants fulfilled the jurisdictional prerequisites to establish the subject matter jurisdiction of this Court.

### A. Insufficient Notice of Wrongful Death Claims

■ The plaintiffs bear the burden of establishing that a proper administrative claim had been filed. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir.), *cert. denied sub nom.* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989); *Wozniak v. United States*, 701 F.Supp. 259, 263 (D.Mass.1988); *Murray v. United States*, 604 F.Supp. 444, 445 (E.D.Pa.1985). Thus, each plaintiff must either show that they individually satisfy all jurisdictional prerequisites: (1) written notice to the agency to commence an investigation; (2) a value was placed on the claim; and (3) if filed on behalf of another, evidence of authority to bring the claim.[5] *Dondero v. United States*, 775 F.Supp. at 148–49 (jurisdiction is not preserved for derivative claims, each claim must fulfill jurisdictional requirements). Additionally, because wrongful death and survivorship claims are separate and distinct, the plaintiffs must also show that the single claim form submitted to the Government gave constructive notice of both causes of action.

### 1. The Decedent's Sons Failed to Produce Evidence of Representative Capacity

The four adult sons did not complete a standard government claim form nor did they submit individual written wrongful death claims to the Air Force. None of the sons retained their own private counsel and the attorney representing Florence Frantz did not provide evidence that he represented the sons, nor are they listed in retainer agreement with Florence Frantz. The record does not reflect evidence that Florence Frantz had any authority to act on the sons' behalf and evidence of legal repre-

---

**5.** Ignoring the case law in this jurisdiction, plaintiffs cite *Transco Leasing Corp. v. United States*, 896 F.2d 1435 (5th Cir.1990). Not only is this case not binding on this Court, but it is factually dissimilar. In *Transco*, a bank was the executor of an estate and specifically asserted a wrongful death claim. Under Texas law, certain surviving family members, rather than the bank or the estate, were entitled to recover. The bank did not offer evidence of its representative capacity and the issue in dispute was the adequacy of the information provided rather than notice of the claim. *Id.* In the present case, none of the wrongful death claimants provided adequate notice in the first instance. But even if notice had been given, this Court requires literal compliance with the regulatory definition of a "claim" to secure jurisdiction. *Dondero v. United States*, 775 F.Supp. at 148 (citing *Martinez v. United States*, 743 F.Supp. at 302); 28 C.F.R. § 14.2.

sentative authority is clearly required under the regulations, case law, and the SF 95 instructions. Furthermore, Mr. Jacobs, attorney for Florence Frantz, specifically discussed this requirement with the Air Force and apparently understood it as illustrated by the documentation provided for the estate. (D.I. 45 A–30.)

### 2. Notice of Wrongful Death Claims Insufficient to Warrant Investigation

The decedent's wife may have had the ability to assert both the survival and the wrongful death claims as the spouse of the decedent and administratrix of the estate. *Johnson v. Physicians Anesthesia Service, P.A.*, 621 F.Supp. 908, 916 (D.Del.1985) (guardian of decedent permitted to amend pending medical malpractice complaint to assert wrongful death claim on behalf of the decedent's spouse and children). However, the facts do not give the Government adequate notice that this was what she was in fact doing. "[A] valid claim consists of giving full and specific notification of who are the claimants and the nature of the injury...." *Del Valle Rivera v. United States*, 626 F.Supp. 347, 349 (D.Puerto Rico 1986). The record does not reflect adequate notice that Florence Frantz was asserting a wrongful death claim on her own behalf or on behalf of anyone else. (D.I. 40 A–4.) Although this Court may have had jurisdiction under different facts, the lack of notice must be deemed to be a waiver of the wrongful death claims.

Florence Frantz submitted no evidence that she was bringing wrongful death claims both on her own behalf or on behalf of the decedent's beneficiaries. The plaintiffs never submitted a claim form listing any of the wrongful death claimants as "claimants" nor was any claim form signed by any such claimants. Every claim form submitted to the Air Force listed "James Frantz" as the claimant. The correspondence regularly referred to a single claim, both in the line of referral and the text. The signed claim forms are signed by Florence Frantz in her capacity as Administratrix for the estate and the claimant's attorney, Mr. Jacobs.

Plaintiffs' contention that the Air Force never told them that each claimant should fill out a separate form is not well taken. (D.I. 44 at 3.) First, the Air Force claims officer instructed Mr. Jacob how to make the claim during a telephone conversation and Mr. Jacob appears to argue that he merely completed the form as instructed. (D.I. 44 at 3–4.) However, this Court refuses to permit the attorney to plead ignorance of the jurisdictional requirements, clearly set forth on the claim form and in the regulations. As noted by the United States, hundreds of claimants file this form without difficulty every year and this Court fails to see the difficulty counsel experienced filing the claims in the present case. (D.I. 39 at 10 n. 2.) This Court also believes that, even without legal training, an individual would understand the limiting effect of "Administratrix of the Estate of James Frantz" behind a signature and understand the scope of the claim being asserted.

Second, the standard claim form is simple, short, and accompanied by clearly written instructions. It repeatedly uses the singular form of the terms "claim" and "claimant" and provides room for only one signature at the bottom of the front page, notifying the signor of the civil and criminal penalties for fraud. The regulations, cited on the reverse side of the form, and the instructions are also worded in the singular and the standard claim form gives every indication that the claim form is tailored for a single claimant. Even if ambiguity existed in counsel's mind, the jurisdictional importance of notice is clearly explained in the case law and he had an opportunity to clarify any ambiguity over the telephone with the Air Force claims officer.

Plaintiffs' argument that "claimant" is not defined is also not well taken. (D.I. 44 at 3.) The word "claimant" should not be ambiguous to the general public or to members of the Delaware Bar. The law dictionary states that a "claimant is one who claims or asserts a right, demand or claim." BLACK'S LAW DICTIONARY 129 (5th ed. 1983). A standard english dictionary states

that a "claimant is a person who makes a claim." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 379 (2d ed. 1987). The Court finds no ambiguity with the terminology on the claim form and notes that the plaintiffs could have easily labeled each "claimant" as such or made xerox copies of a completed form with the "claimant:" and signature areas left blank to be completed and submitted by each claimant.

Plaintiffs maintain that the information on the submitted form provides constructive notice of the wrongful death claim, even though the claimants are not specifically labeled as such. They argue that the wife and children are mentioned on the form, although as "witnesses" rather than as "claimants." This Court is not prepared to find, and the plaintiffs offer no authority, that the Government should be put on notice of additional claims when the witnesses are related to the injured party. The mere mention of family members is insufficient to provide notice that each family member is asserting a separate claim.

Plaintiffs bring the Court's attention to question # 10, where the form requests a description of the nature and extent of the injury. There are two separate sentences on the submitted form and the plaintiffs argue that this puts the Government on notice that two claims are being submitted. Even if this Court would impose the burdensome requirement that the Government dissect every sentence of every claim to speculate whether or not it is possible that separate claims were being asserted, these two sentences would still provide insufficient notice. The first sentence, allegedly describing the survival claim, mentions the "wrongful death" injury but not the wife and children. The second sentence mentions the wife and children but it does not use specific language from the wrongful death statute. Neither the form nor the supporting documentation describes the lost pecuniary benefits, lost contributions of support, lost parental, marital, and household services, or the funeral expenses incurred. The second sentence indicates that the decedent's family suffered because he died. However, suffering may be expected to accompany any death and this sentence alone does not provide notice that multiple claims were being asserted on the single form.

Plaintiffs also refer the Court to question # 12c, where the form requests the dollar amount for a wrongful death claim—a claim not asserted on behalf of the estate for recovery accruing to the estate. The plaintiffs argue that stating a figure for wrongful death makes it "indisputable that such a claim was being asserted." (D.I. 44 at 7.) This Court disagrees. Mere reference to a related cause of action without more does not provide sufficient notice of multiple claims or claimants addressed on a single form, even when the claims arise from the same factual occurrence. Here, none of the correspondence or supporting documentation referred to a wrongful death claim or wrongful death injuries. Even if the Government inferred that a valid claim existed, it does not necessarily follow that the claim is being asserted at that time and on that form.

 In addition to the vague references to multiple claims on the standard government form, the plaintiffs urge this Court to also consider the notice given in the other communications with the Government. Plaintiffs correctly state that a government standard claim form is not required. The plaintiff can provide notice in other ways. 28 C.F.R. § 14.2; *Del Valle Rivera v. United States*, 626 F.Supp. at 349 (notice by response to interrogatory); *Collins v. United States, Dept. of Army*, 626 F.Supp. 536 (W.D.Pa.1985) (notice by letter). Plaintiffs maintain that the initial cover letter asserted the claim "by the estate of James Frantz and his heirs" and that the term "heirs" provided notice of a second wrongful death claim. (D.I. 40 A–3.) The Court disagrees. The recovery under the survival statute legally benefits the estate but the recovery is actually realized by the heirs of the estate. The use of the phrase "and his heirs" is consistent with a survival claim, especially when it is conceivable that some "heirs" may not be specified beneficiaries in the wrongful

death statute.[6] The mere use of the word "heirs" is not specific enough to provide notice.

■ Plaintiffs contend that the Government was aware of Florence Frantz's dual roles of administratrix and spouse and that the law firm represented her in both capacities. Again, this Court disagrees. Florence Frantz signed the claim form only as the administratrix of the estate and, because every reference to her as spouse is accompanied by her role as administratrix, the mention of her role as a spouse appears to be gratuitous language designed to identify her relation to the decedent rather than to assert a second claim. Moreover, the retainer agreement between the law firm and Florence Frantz refers to "personal injuries" rather than wrongful death and it refers to a single claim, stating "a certain cause of action or claim." (D.I. 40 A–9.) The mere fact that the Government knew that the decedent's spouse was the administratrix, even coupled with the knowledge that two separate claims might exist, is not knowledge that both claims were being asserted.

■ Plaintiffs refer to a telephone conversation between the Air Force claims officer and counsel and argue that, because plaintiffs' counsel indicated that his representation extended to the decedent's wife and children and that the claim also included a wrongful death claim, the Air Force had notice of the claim. However, the statute, the regulations, and the instructions on the form require written notification.[7] 28 U.S.C. § 2401; 28 C.F.R. § 14.2; SF 95. Assuming that Mr. Jacobs did in fact mention his representation over the telephone, his affidavit does not indicate the length of

discussion on this issue, the number of claimants represented, or the names of the wrongful death claimants. It is not apparent from the record that the necessary full and specific notification of each claimant was presented. Mr. Jacobs does not provide evidence of actual knowledge by the Air Force and, given the language used in the Air Force administrative denial, the government did not have notice of the claim.

### 3. Plaintiffs Failed to Value Wrongful Death Claims

■ The Government also contends that the sum certain requirement was not met and this Court agrees. Each individual claimant did not state a sum certain for his/her wrongful death claim as clearly required to secure jurisdiction of this Court. *See Pennsylvania v. Nat'l Ass'n of Flood Insurers,* 520 F.2d at 21. The form merely stated a figure which aggregated all claims against all defendants in all the pending actions. (D.I. 40 A–3.) This single figure gives the Air Force insufficient information to realistically evaluate the claims and consider settlement.

### B. *Prejudice*

■ The plaintiffs submit evidence as to the merits of the case to prove the legitimacy of the wrongful death claims and argue that the underlying purpose of the FTCA is to provide "more fair and equitable treatment of private individuals when they ... are involved in litigation with their government." *See Tucker v. United States,* 676 F.2d at 958. (D.I. 44; 45 A–19 to A–28.) However, the existence and extent of any medical malpractice is

---

**6.** The Delaware Wrongful Death Statute is for the benefit of the wife, husband, parent and child of the decedent. DEL.CODE ANN. tit 10 § 3724(a). Other heirs, by blood or marriage, cannot recover unless there are no statutory beneficiaries. *Id.* at § 3724(b).

**7.** The United States District Court for the District of Minnesota permitted oral notification where the Government was actually aware of the second cause of action from a single claim form in *Ottem v. United States,* 594 F.Supp. 283 (D.Minn.1984). In that case, the attorney inad-

vertently failed to mention a derivative claim, realized the error, contacted the Government, explained the mistake, received assurances that jurisdiction was preserved, and discussed the derivative claim several times over the phone with the government attorney. In this jurisdiction, the Third Circuit has not permitted oral compliance with the jurisdictional prerequisites. *Bialowas v. United States,* 443 F.2d 1047, 1048–49 (3d Cir.1971) (jurisdiction not perfected by telephone conversation when incomplete, unsigned SF 95 submitted).

irrelevant to the jurisdictional question presently before this Court. Although the FTCA was not designed to defeat legitimate claims on the bases of mere technicalities, *Dondero v. United States*, 775 F.Supp. at 147 (citing *Ryan v. United States*, 457 F.Supp. 400, 403 (W.D.Pa. 1978)), basic notice of the claim is not an insignificant technicality. *Dondero v. United States*, 775 F.Supp. at 148. The FTCA does not give this Court discretionary power to balance hardship between the parties or to excuse noncompliance with the jurisdictional prerequisites merely because the defendant has not been prejudiced. *Id.* at 148 (citing *Bialowas v. United States*, 443 F.2d at 1049). While the contents of the standard government claim form can be liberally construed, the filing of a "claim" cannot be. *Id.* (citing *Livera v. First Nat'l State Bank*, 879 F.2d at 1195).

"Federal courts do not possess subject matter jurisdiction unless the agency has an opportunity to review the claim." *Id.* This lack of jurisdiction prevents courts from invading the authority given to federal agencies by Congress. Because the

FTCA does not make exception for futility, this Court is powerless to evaluate whether the claim would have made a difference.[8] This Court cannot speculate as to how the Air Force would have responded had a wrongful death claim been asserted. As noted by the United States District Court for the Western District of Pennsylvania:

> While we accede that the wife's claim for loss of consortium will likely be denied on the same basis as her husband's claim, we will not venture to foreclose the question by removing it from the hands of those responsible for investigation and settlement of such claims.

*Susanin v. United States*, 570 F.Supp. 25, 26 (W.D.Pa.1983).

The plaintiffs cite one case from this circuit to support their argument. (D.I. 44 at 15)[9] Plaintiffs argue that the court in *Marricone v. United States*, 697 F.Supp. 874 (E.D.Pa.1988) held that, where the Government denies a claim due to lack of negligence, the claims of the claimants omitted from the claim form should be permitted. In this case, a federal prisoner died unmarried and intestate. The dece-

---

**8.** Courts are not representative bodies and must not usurp the legislative function. *Gregg v. Georgia*, 428 U.S. 153, 175, 96 S.Ct. 2909, 2926, 49 L.Ed.2d 859 (1976) (quoting *Dennis v. United States*, 341 U.S. 494, 525, 71 S.Ct. 857, 875, 95 L.Ed. 1137 (1951)). *See also Griswold v. Connecticut*, 381 U.S. 479, 482, 85 S.Ct. 1678, 1680–81, 14 L.Ed.2d 510 (1965) (courts are not super-legislatures); *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 487, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955) (function of the legislature, not the courts, to balance advantages and disadvantages). The text of the statute, as enacted by Congress, controls the Court's analysis. *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701–02, 66 L.Ed.2d 633 (1981) (where the terms of the statute are unambiguous, judicial inquiry is complete); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982) (words by which the legislature undertook to give expression to its wishes is most persuasive evidence of the purpose of a statute); 2A D. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 45.01 (5th ed. 1991). Because the plaintiffs do not argue that the literal text of the FTCA is ambiguous or that it leads to absurd results, this Court must follow the statute.

**9.** Plaintiffs cite two cases from other jurisdictions which are unpersuasive and not binding

upon this Court. First, an insurer became partially subrogated to its insured's claim against the Government, becoming a real party in interest to the extent of payment, in *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 513 (6th Cir.1974). The insured filed a proper administrative claim but the insurer did not file their own administrative claim nor did it expressly join the insured's claim. However, the case did not involve a question of the amount of payment or the adequacy of the notice to the government. Rather, the issue was whether the appropriate party had asserted the claims. The existence of the insurer was not found to impede settlement, affect the Government's defense, or fail to give adequate notice as to the extent of loss. Under the facts and circumstances of that case, barring the insurer standing in the shoes of the insured was found to be inequitable because it elevated form over substance and imposed a mere technicality that would needlessly make recovery more difficult.

Second, *Young v. United States*, 372 F.Supp. 736 (S.D.Ga.1974), involved unnamed minor children, having a joint right of action under Georgia law, and the existence of these unnamed claimants did not increase the maximum recovery available. Here, as discussed *supra*, the wrongful death claim does not involve minors and, under Delaware law, additional claimants would increase the recovery.

dent's mother filed a standard claim form for wrongful death but did not mention the decedent's two illegitimate minor children. Under Kentucky law, only the personal representative of the deceased is empowered to bring a wrongful death action and the mother was the only legal claimant for this action. *Id.* at 876–77. Additionally, under Kentucky law, the existence and number of survivors had no bearing on the damages recoverable because damages in wrongful death actions were assessed by the loss to the decedent's estate. *Id.* at 878. Because the Government was given notice of the claim and the additional two children had no impact on the damage exposure, the Court permitted the amendment to include the minor children.

This case is distinguishable in two ways. First, and most importantly, the recovery for wrongful death is substantially different in Delaware than in Kentucky. The existence and number of claimants contribute significantly to the amount recovered under the Delaware statute. Even if this Court possessed power to carve out an exception, the Government was prejudiced and no such exception would be appropriate under the facts and circumstances of the present case. In *Marricone*, the court noted that its holding would be different under a different wrongful death statute. *Id.* at 877–78 ("loss to survivors" jurisdiction requires knowledge of all survivors to calculate damages but "loss to estate" jurisdiction can calculate damages without knowledge of any survivors). Because Delaware is a "loss to survivors" jurisdiction, where each statutory beneficiary has an opportunity to recover separate damages, the decision in *Marricone* does not support the plaintiffs' argument in the State of Delaware.

Second, the *Marricone* court was mindful of the additional protection given to the rights of minors under the case law. *Id.* at 878. Under the facts of the present case, all four sons are adults, independent of the decedent and living in separate residences. (D.I. 39 at 11; 40 A–1.) No evidence was submitted that special protection is warranted due to their incompetence and none is presumed by this Court.

## III. CONCLUSION

As discussed in *Dondero*, this Court holds that the burden of deciphering this vague claim should fall on the plaintiffs, and especially on those plaintiffs who are represented by counsel. The importance of notice to create subject matter jurisdiction is well-established and providing such notice is easy to do. Plaintiffs have not convinced this Court that adequate notice was given to the Government of the wrongful death claims. Therefore, all claims other than that of the decedent's estate are jurisdictionally barred. This Court will grant partial summary judgment in favor of the defendant by dismissing all claims of the plaintiffs other than Florence L. Frantz in her capacity as Administratrix of the Estate of James F. Frantz. An order will be entered in accordance with this Memorandum Opinion.